JULIUS KRUMGOLD AND DAVID BERK, PLAINTIFFS, v. CAMEO THEATRES, INCORPORATED, OR BENJAMIN BERKOWITZ AND BENJAMIN S. GORLEY, IN THE ALTERNATIVE, DEFENDANTS.

Submitted January 19, 1937—Decided March 23, 1937.

Before Justices TRENCHARD, BODINE and HEHER.

For the defendants, *Gross & Gross* (*Benjamin Gross*, of counsel).

For the plaintiffs, *Levenson, Comen & Levenson* (*Abe D. Levenson*, of counsel).

PER CURIAM.

The defendants seek a change of venue. The action is a transitory one brought for brokerage commissions. The venue is laid in Bergen county, where the defendant Berkowitz, a resident of New York, has an office. The registered office of the corporate defendant is in Jersey City, Hudson county, New Jersey, where the other individual defendant resides. It is not clear on the record before us where the cause of action arose.

Section 202 of the Practice act (1903), chapter 247, page 590 (3 *Comp. Stat., p.* 4113) provides as follows:

"An action merely transitory shall at the discretion of the court be tried in the county in which the cause of action arose, or the plaintiff or defendant reside at the time of instituting such action, or if the defendant be a non-resident, in the county in which process was served upon him."

Since the venue may be laid in the county in which the non-resident was served, and since the counties of Bergen and Hudson are adjoining and no inconvenience appears from the record, the rule should be discharged. Such will be the order.